UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY MACHIA,<br>　　　Plaintiff, | :<br>:<br>: | CASE NO. 3:16-cv-1598 (VAB) |
| v. | :<br>:<br>: | |
| REPUBLICAN AMERICAN, et al.,<br>　　　Defendants. | :<br>:<br>: | APRIL 19, 2017 |

**ORDER DISMISSING CASE**

Plaintiff, Anthony Machia, is currently incarcerated at the Robinson Correctional Institution in Enfield, Connecticut. He filed this Complaint *pro se* on September 21, 2016, challenging several comments published by Defendants, newspaper Republican American and reporter Brigitte Ruthman. Both Plaintiff and Defendants are residents of the State of Connecticut. For the reasons outlined below, Mr. Machia's Complaint is **DISMISSED**, and Mr. Machia's Motion to Appoint Counsel [ECF No. 11] is **DENIED AS MOOT**.

Dismissal is warranted in this case because the Court lacks subject matter jurisdiction over Mr. Machia's claims. "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction… Where jurisdiction is lacking, moreover, dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc*., 30 F.3d 298, 301 (2d Cir. 1994). Under 28 U.S.C. §§ 1331 and 1332, a federal district court has subject matter jurisdiction in only two circumstances: "if (1) a federal question is presented, or (2) when the parties have complete diversity of citizenship and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000)."

*Layton v. Layton*, No. 07 CV 4740 (SJF)(ARL), 2009 WL 412133, at *1 (E.D.N.Y. Feb. 17, 2009). Mr. Machia does not claim diversity jurisdiction, as both Mr. Machia and Defendants are citizens of Connecticut. Therefore, Mr. Machia's claims must present a question of federal law in order for the Court to have subject matter jurisdiction over this case. *See* 28 U.S.C. § 1331.

Mr. Machia attempts to present a federal question by alleging that Defendants violated 28 U.S.C. § 1343. Compl. at 2, ECF No. 1. 28 U.S.C. § 1343 provides district courts with jurisdiction over cases in which a plaintiff seeks one of the following forms of relief: to recover damages for constitutional deprivations committed as part of a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; to address the deprivation of constitutional or federal rights under color of State law; or to recover damages or equitable relief under federal laws that protect civil rights, including voting rights. 28 U.S.C. § 1343(a)(1)-(4). The provisions of 28 U.S.C. § 1343, however, are not applicable to Mr. Machia's claims.

Mr. Machia does not identify a constitutional violation, nor does he allege a specific violation of his civil rights under federal law. Mr. Machia's claims relate exclusively to allegedly defamatory statements and certain "violent and abusive" comments made by the Republican American newspaper and reporter Brigitte Ruthman. Compl. at 3, ECF No. 1. Neither of the named Defendants is a state official or an individual acting "under color of any state law." *See Marshall v. Webster Bank, N.A.*, No. 3:10-CV-908 (JCH), 2011 WL 219693, at *8 n. 6 (D. Conn. Jan. 21, 2011) ("Section 1343(a)(3)…imposes a literal ' state action' requirement… The Complaint cannot be read to allege or seek relief for any action taken by a state official or otherwise taken under color of state law or authority. Therefore, the reference to section 1343(a)(3) does not support subject matter jurisdiction."). Mr. Machia has not pled any

facts suggesting that Defendants conspired together to violate his federally protected civil rights. *See Friends of Falun Gong v. Pac. Cultural Enter., Inc*., 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003) (dismissing claim under 42 U.S.C. § 1985, noting that "[t]o properly allege a conspiracy claim, the complaint must contain specific factual allegations" and further determining that Plaintiffs' concession "that they do not claim any state involvement in the alleged conspiracy…is fatal to their claim"), *aff'd sub nom. Friends of Gong v. Pac. Culture,* 109 F. App'x 442 (2d Cir. 2004). Mr. Machia's claim of defamation (Count One) and his claim of threatening speech (Count Two) are tort claims under Connecticut state law, and they do not present a federal question for the Court's consideration. *See Gleason v. Smolinski*, 319 Conn. 394, 430 (2015) (noting that "defamation claims are rooted in the state common law").

In the absence of any factual allegations suggesting a conspiracy to interfere with Mr. Machia's civil rights or a specific deprivation of Mr. Machia's constitutional or civil rights under federal law, Mr. Machia's claims do not give rise to a federal question under 28 U.S.C. § 1343, and his reference to this statute is misplaced. Thus, the Court lacks federal question subject matter jurisdiction. This case is appropriately dismissed without prejudice to refiling in Connecticut Superior Court.

Mr. Machia's Complaint is **DISMISSED** for lack of subject matter jurisdiction, and his Motion to Appoint Counsel [ECF No. 11] is **DENIED AS MOOT**. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of April, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE